**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TIMOTHY M. ROTH,**

      **Petitioner,**

v.                                         **Civil Action No.  1:06cv172**
                                              **Criminal Action No.  1:05cr47-1**
                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

**I.   Procedural History**

The petitioner initiated this case *pro se* by filing a Motion to Vacate Set Aside or Correct Sentence Under 28 U.S.C. § 2255. (Dckt. 1/69). On December 8, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. (Dckt. 8/76). Thus, the respondent was directed to file an answer. *Id.*

On February 13, 2007, the respondent filed a response to the petitioner's § 2255 petition. (Dckt. 11/80). The petitioner filed his reply on February 28, 2007. (Dckt. 13/82).

On May 28, 2008, the undersigned issued an Opinion/Report and Recommendation ("R&R") which recommended that the petitioner's § 2255 petition be denied. (Dckt. 21/90). The petitioner filed his objections on June 5, 2008. (Dckt. 26/95).

On January 21, 2009, the Honorable Irene M. Keeley, noting a factual discrepancy, rejected the R&R and remanded the case back to the undersigned for further consideration. (Dckt. 29/98). In accordance with that Order, on February 6, 2009, the undersigned issued an Order appointing the Federal Public Defender, Brian J. Kornbrath, as counsel for the petitioner, and setting an evidentiary

hearing for March 2, 2009. (Dckt. 31/100). The evidentiary hearing was later moved to March 16, 2009. (Dckt. 34/104). Present at the hearing was the petitioner, Mr. Kornbrath, Craig P. Erhard (petitioners' trial counsel) and Assistant United States Attorney, Shawn Morgan.

## II. Factual History

### A. Petitioners' Conviction and Sentence

On May 5, 2005, the petitioner was charged with one count aiding and abetting the possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and 18 U.S.C.§ 2, and one count aiding and abetting the possession of a firearm by drug user/addict in violation of 18 U.S.C.§§ 922(g)(3) and 924(a)(2), and 18 U.S.C.§ 2. (Crim. Dckt. 1). On August 5, 2005, the petitioner pleaded guilty to count one of the indictment charging him with aiding and abetting the possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and 18 U.S.C.§ 2. (Crim. Dckt. 49, 54). As a result, on November 30, 2005, the petitioner was sentenced to 70 months imprisonment, to run consecutive to the sentences imposed in Harrison County Circuit Court.[1] (Crim. Dckt. 66).

### B. Petitioners' Direct Appeal

The petitioner did not file a direct appeal.[2]

## III. Contentions of the Parties

### A. Petitioners' Federal Habeas Petition

In his § 2255 motion, the petitioner asserts that

---

[1] At the time of petitioner's federal sentencing, he was serving time on a previous state charge.

[2] Paragraph 12 of the petitioner's plea agreement contains a waiver of appeal rights "with respect to any sentence imposed above the applicable Guideline Range at an adjusted offense level of 23 or higher." (Dckt. 54).

2

(1) a violation of Article IV(e) of the Interstate Agreement on Detainers Act ("IADA") occurred when he was returned to State custody prior to receiving his federal sentence; and

(2) counsel was ineffective for failing to object to the IADA violation.

**B.   The Respondent's Response**

In response to the petition, the respondent seeks the denial of the petition for the following reasons:

(1) the petitioner waived his right to seek federal habeas relief;

(2) no violation of the IADA occurred because no detainer was lodged against the petitioner; and

(3) counsel was not ineffective.

**C.   Petitioners' Reply**

In his reply, the petitioner argues that his waiver of appellate rights did not include a waiver of his right to seek post conviction collateral relief under § 2255. In addition, the petitioner asserts that a detainer was lodged against him and attaches a copy of said detainer to the reply. Lastly, the petitioner asserts that counsel was ineffective for failing to object to the violation of the IADA.

**D.   The First Report and Recommendation**

   1.   The Government's Waiver Argument

In the first report and recommendation, the undersigned noted that the waiver provision of the petitioner's plea agreement stated:

> The above paragraph notwithstanding, the defendant will retain his appellate rights with respect to any sentence imposed above the applicable Guideline range at an adjusted offense level 23 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or

reasonable sentence would or should be. Nor does this reservation of rights prevent the defendant from arguing for a sentence below an adjusted Guideline offense level of 23. The United States will retain its appellate rights with respect to any sentence imposed below the applicable Guideline range at an adjusted offense level 21 or lower.

The undersigned further noted that upon a review of the transcripts of the petitioner's Rule 11 hearing, there was no record that the petitioner was ever informed that his waiver of appellate rights included a waiver of his right to collaterally attack his sentence under § 2255. Therefore, the Court noted that it was not convinced that the waiver provision in the petitioner's plea agreement was enough to successfully bar review of the petitioner's § 2255 petition. Nonetheless, the Court did not reach that question because it found the petitioner's underlying claims to be without merit.[3]

2. IADA Violation

As to this claim, the undersigned noted that under Article IV(e) of the IADA, when a prisoner is taken from state custody into federal custody pursuant to detainer

> [i]f trial is not had on any indictment, information, or complaint contemplated...prior to the prisoner's being returned to the original place of imprisonment...such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C., App § 2, Art. IV (e) (1982). Moreover, the undersigned recognized that both the United States and the State of West Virginia are parties to the IADA. However, believing that either no detainer had been lodged against the petitioner, or that any was lodged after the court had already issued a writ of habeas corpus *ad prosequendum* to effectuate the petitioner's transfer, the undersigned found no violation of the IADA had occurred.

---

[3] The undersigned is still unpersuaded by the government's argument that the appellate waiver contained in the plea agreement includes a waiver of post conviction relief under 28 U.S.C. § 2255. However, because the undersigned once again finds that the petitioner's underlying claims have no merit, the Court again need not reach that question. Thus, this issue will not be addressed in further detail herein.

3. Ineffective Assistance of Counsel

Finding that no violation of the IADA occurred, the R&R implied that there could no finding that counsel was ineffective for failing to object to the violation.

E. **Judge Keeley's Order**

In her Order of January 16, 2009, Judge Keeley conducted a *de novo* review of the pleadings and found that they clearly showed that a detainer had been lodged against the petitioner and that it had been lodged prior to the date on with the writs of habeas corpus *ad prosequendum* had been filed. Consequently, Judge Keeley determined that because of the factual discrepancy on which the reasoning of the R&R was based, the R&R should be rejected and the case remanded back to the undersigned for further proceedings. Accordingly, the undersigned must re-evaluate all of the claims and arguments raised in the pleadings.

## IV. Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

A. **IADA Violation**

The IADA is an agreement between the states which "creates uniform procedures for lodging and executing a detainer . . ." Alabama v. Bozeman, 533 U.S. 146, 148 (2001). "The Agreement

provides for expeditious delivery of the prisoner to the receiving State [the state in which trial is to be had] for trial prior to the termination of his sentence in the sending State [the state in which the prisoner is incarcerated]. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term." *Id*. As specifically pertains to this case, the IADA states:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

See W.Va. Code § 62-14-1 (also known as the "anti-shuttling" provision).

Although it seems clear that a violation of the IADA occurred in this case, the petitioner is simply not afforded federal habeas relief on this issue. In Bush v. Muncy, 659 F.2d 402 (4th Cir. 1981), the Fourth Circuit Court of Appeals found that although the IADA is a federal law for purposes of federal habeas review, a violation of the IADA is not remediable under 28 U.S.C. § 2254. Bush at 407, 409. In doing so, the Fourth Circuit specifically recognized that the Circuits were split as to the viability of an IADA violation on federal habeas review. *Id.* at 407. Moreover, the Court noted the following:

> The problem of course is that not all violations of the "laws of the United States" may be asserted in a habeas corpus proceeding. "(T)he appropriate inquiry (is) whether the claimed error of law (is) 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '(i)t . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"

*Id*. (quoting Davis v. United States, 417 U.S. 333, 346 (1974) (parenthetical in original).

Applying those standards to Bush's case, the Fourth Circuit determined that underlying the quoted passage of Davis

> is the perception . . . that only those statutory rights of a fundamental nature closely related to constitutionally secured rights to fair prosecution and adjudication should be subject to vindication by collateral review of criminal convictions. Though these may include other rights than those directly related to the establishment of guilt or innocence, we do not think they extend to nontraditional statutory guarantees no matter how worthy of purpose that are peripheral to the historic central concerns with fundamental fairness in the prosecutorial and adjudicative processes leading to criminal conviction and confinement.

Id. at 409. Then examining the same trial-before-return (anti-shuttling) provision at issue in this case, the Fourth Circuit found that the basis for the provision was to "encourage minimum interruption of rehabilitative programs . . . and to protect prisoners against harassment by uncoordinated shuttlings between states." *Id.* Although the Fourth Circuit recognized the salutary nature of this provision, it nonetheless found that the anti-shuttling provision does not involve a "fundamental right historically considered critical to the protection of the criminal accused against the unfair prosecution and trial by the state." *Id.* Therefore, the Court found that a violation of the anti-shuttling provision was not subject to collateral review under § 2254, absent a showing of prejudice.[4] *Id.* This finding is equally applicable to collateral proceedings under 28 U.S.C. § 2255.[5]

---

[4] In coming to this conclusion, the Fourth Circuit specifically rejected the opinion of the Third Circuit:
> The strongest argument against this position is that of Judge Rosenn, writing for the Third Circuit in the Williams case. As he put it simply and directly, any violation of federal law for which the internally imposed sanction is dismissal of charges would seem to involve a "fundamental defect" leading to a "complete miscarriage of justice" and to present "exceptional circumstances" within the meaning of Davis. Williams, 615 F.2d at 590. While the force of this logic has to be recognized, we simply cannot accept its application to this particular violation of the IAD. Underlying the Davis Court's use of those particular terms in the quoted passage is the perception, we think, that only those statutory rights of a fundamental nature so closely related to constitutionally secured rights to fair prosecution and adjudication should be subject to vindication by collateral review of criminal convictions. Though these may include other rights than those directly related to the establishment of guilt or innocence, we do not think they extend to nontraditional statutory guarantees no matter how worthy of purpose that are peripheral to the historic central concerns with fundamental fairness in the prosecutorial and adjudicative processes leading

Accordingly, the Court is foreclosed from examining the merits of the petitioner's IADA claim in this, a post conviction collateral proceeding.

However, even assuming that this Court could address the merits of the petitioner's IADA claim, the undersigned finds that the petitioner waived the right to present this issue when he pleaded guilty. See Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992); United States v. Fulford, 825 F.2d 3, 10 (3d Cir. 1987); Kowalak v. United States, 645 F.2d 534, 537 (6th Cir. 1981).

**B.     Ineffective Assistance of Counsel**

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." *Id.* at 689-90. Second, if the Court finds that counsel's performance was unreasonable, a petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

---

to criminal conviction and confinement.
Bush v. Muncy, 659 F.2d at 409 (citing United States v. Williams, 615 F.2d 585 (3d Cir. 1980).

Although there is dicta in the Bozeman case which calls this reasoning into question, it does not explicitly overrule the Fourth Circuit's opinion in Bush. See Bozeman at 155-156 (describing how the purpose of the IADA is not simply to "prevent the interruption of rehabilitation," but also possibly to ensure speedy trial rights and prevent the uncertainties that shuttling adds to treatment programs and rehabilitation).

[5] In Bush, the Fourth Circuit noted that there was no difference between the statutory language of § 2254 and § 2255 "that would merit different treatment of the IAD[A]." Bush, 659 F.2d at 407 n.3; see also United States v. Tonner, 929 F.2d 659, 1991 WL 42430 (4th Cir. (VA.) 1991) (unpublished) (applying Bush in a § 2255 proceeding).

A reasonable probability is a one that is "sufficient to undermine confidence in the outcome." *Id.*

In this case, the petitioner asserts that counsel was ineffective for failing to present the anti-shuttling argument to the sentencing court. However, it is clear from counsel's testimony at the evidentiary hearing that he did not know a detainer had been lodged against the petitioner. See Hearing Transcripts (Dckt. 42/112). Indeed, even the government did not know that a detainer had been lodged against the petitioner.[6] *Id.* at 74. Accordingly, the petitioner has failed to show that counsel's performance fell below an objective standard of reasonableness,[7] and thus, failed to establish that counsel rendered ineffective assistance.

### IV.   Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Motion to Vacate Set Aside or Correct Sentence (Dckt. 1/69) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the recommendation set forth above will result

---

[6] The detainer was lodged by the United States Marshal Service. See Dckt. 13/82 at Ex. B.

[7] At the close of the evidentiary hearing, the undersigned explained:
"I will tell you so that there is nothing that you will be speculating about. I anticipate that there is – will be a complete finding of no ineffective assistance of counsel. There will be a finding that Mr. Erhard did not know that a detainer had been filed. Had no opportunity to react to it. Had no opportunity – was never given an opportunity to call the issue of traveling back and forth for the plea hearing or the sentencing hearing. Actually, for the sentencing hearing.
        Never had an opportunity to challenge it, so with that said we will prepare the appropriate Report and Recommendation . . ."
Hearing Transcript (Dckt. 42/112) at 76.

in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Opinion/Report and Recommendation to counsel of record.

DATED: June 4, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE